UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ADAMIK, <br><br> PLAINTIFF, <br><br> v. <br><br> OFFICER JASON MOTYKA, STAR 4427, OFFICER RICHARD TUNZI, STAR 9326, IN THEIR INDIVIDUAL CAPACITIES, SERGEANT ROBERT RUBIO, STAR 876, IN HIS SUPERVISORY AND INDIVIDUAL CAPACITIES, AND THE CITY OF CHICAGO, A MUNICIPAL CORPORATION, <br><br> DEFENDANTS. | NO. 12 C 3810 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff and defendants have filed a joint motion to reset the April 20, 2015 trial date, asking that it be set "in January 2016 or later." The motion is denied without prejudice.

**Background**

The complaint was filed on May 17, 2012, and assigned to Judge St. Eve. While a discovery schedule was set on June 27, 2012, it was stayed while the underlying state court criminal case was ongoing. The stay was lifted by agreement on August 28, 2012, and the previously set schedule for a fact discovery cutoff of March 1, 2013, and an expert discovery cutoff of June 28, 2013, was reimposed. The case was reassigned to this Court on January 14, 2013. On defendants' motion, a new discovery schedule was entered, with fact discovery to be completed by August

1, 2013 and expert discovery to be completed by November 28, 2013. An agreed motion to again extend the discovery was granted on July 17, 2013, with fact discovery closing October 31, 2013. After some discovery disputes were resolved by the Court on August 28, 2013, the fact discovery cutoff was again extended to November 29, 2013, with expert discovery to be completed by January 10, 2014. Discovery deadlines were again extended on November 25, 2013 on plaintiff's motion. The fact discovery cutoff was extended to January 13, 2014 and the expert discovery cutoff was set for March 14, 2014. Yet another joint request for extension of the discovery deadlines was granted on January 3, 2014, with fact discovery ordered closed by February 28, 2014, and expert discovery ordered closed on June 30, 2014.

Predictably, another unopposed motion was filed to extend expert discovery, this time by the defendants. That motion was granted on June 23, 2014, allowing expert discovery to be completed by July 30, 2014. On July 3, 2014, defendants' oral motion to extend expert discovery until August 7, 2014 was granted.

A jury trial date of April 20, 2015 was set on July 11, 2014.

On August 5, 2014, the Court granted plaintiff's motion to extend expert discovery until September 5, 2014. On September 4, 2014, the Court granted plaintiff's unopposed motion to complete expert discovery on or before November 20, 2014, with the Court noting in its order that the April 20, 2015 trial date stood. As night follows day, the defendants filed a joint agreed motion to extend expert discovery completion until November 30, 2014, which was granted.

A status hearing was held on February 9, 2015, and the Court set dates for the final pretrial conference, filing motions *in limine*, and filing the final pretrial order. Although some discussion about the pregnancy of defendants' expert took place, all of the parties were warned about the necessity of taking her deposition soon or risk having her testify without being deposed. There was no mention of her being unavailable to testify at trial.

**Analysis**

The Court was obviously too generous in its multiple extensions of the various discovery cutoffs set in this case. Neither side can be viewed as the principle foot-dragger, as every extension motion was either joint or unopposed. It was the Court's mistake to allow it.

Other trials were scheduled around the setting of this case. Other cases were delayed to allow this case to go to trial on April 20, 2015. Every problem set forth in the present motion could have been dealt with in some form well before the filing of the motion. The suggestion that the parties will be available to try this 2012 case in January, 2016 is unacceptable.

The parties may renew their motion orally on March 16, 2015 if they choose to do so. Some explanation for the issues raised by the Court will need to occur, and lead trial counsel or their proxies must appear with alternative trial dates for this year, not 2016.

**Conclusion**

The Court denies without prejudice the parties' joint motion to reset the trial date, R. 86.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 9, 2015