IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ADAMIK,           ) | |
| ) | Case No. 12 C 3810 |
| Plaintiff,     ) | |
| ) | Judge Durkin |
| v.                              ) | |
| ) | |
| OFFICER JASON MOTYKA, Star 4427,    ) | |
| OFFICER RICHARD TUNZI, Star 9326,    ) | |
| in their individual capacity, SERGEANT    ) | |
| ROBERT RUBIO, Star 876, in his supervisory  ) | |
| and individual capacity, and the CITY OF    ) | |
| CHICAGO, a municipal corporation,        ) | |
| ) | |
| Defendants.    ) | |

**DEFENDANTS' UNOPPOSED MOTION TO VACATE THE JUDGMENTS AGAINST DEFENDANTS TUNZI AND RUBIO**

Defendants City of Chicago (the "City") and Sergeant Robert Rubio and Officer Richard Tunzi (collectively, "Defendants"), by one of their attorneys, Josh M. Engquist, Chief Assistant Corporation Counsel of the City of Chicago, pursuant Fed. R. Civ. P. 60(b)(6), submit the following **unopposed** motion to vacate the judgments against Defendants Tunzi and Rubio, and state as follows:

**BACK GROUND**

On November 4, 2015, the Court entered judgment on a jury verdict in favor of Plaintiff. The jury found against Officer Tunzi on plaintiff's excessive force claim, and in favor of plaintiff and against Sergeant Rubio on plaintiff's failure to intervene claim, and awarded plaintiff compensatory damages in the amount of $92,200.91 as well as punitive damages in the amount of $6,000 against Officer Tunzi and $6,000 against Sergeant Rubio. The Court entered an amended judgment on the docket October 31, 2016, which additionally entered judgment against

1

the City of Chicago on plaintiff's indemnification claim (count IV). R. 222. Subsequently, Defendants filed a notice of appeal. R. 215, 224.

After defendants filed the notice of appeal, the parties resolved this case by agreement. Pursuant to the parties' agreement, defendants agreed to dismiss their appeal and withdraw their objections to plaintiff's requests for costs and expenses that remain pending in this court. Also under the agreement, Plaintiff agreed that when Officer Tunzi and Sergeant Rubio separately filed a motion to vacate the judgment of liability against them, that motion would be an "unopposed motion".

With this agreement in place, defendants took steps to meet their obligations under the agreement. Defendants voluntarily dismissed their appeal. The Seventh Circuit issued its mandate on October 24, 2017. Then on November 9, 2017, this Court entered Defendants' motion for entry of an order granting costs. At the time of this filing the costs awarded on November 9, 2017 and damage awards have been paid.[1]

## ARGUMENT

[T]he court may relieve a party … from a final judgment" when "the judgment has been satisfied, released, or discharged" or "applying it prospectively is no longer equitable" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)(6). A court may use its own sound discretion when balancing the equities to determine whether to vacate a judgment. *Marseilles Hydro Power LLC v. Marseillies Land & Water Co.,* 481 F3d 1002, 1003-04 (7th Cir. 2007). When considering to vacate a jury verdict, a Court should consider both the "public interest and the interests of private litigants." *Orlowski v. Eriksen*, 2010 WL 2401938 at *2 (N.D. Ill June

---

[1] Plaintiff's request for attorney's fees remains pending in this court and is not affected by this motion.

2

10, 2010) (granting a motion to vacate after a jury verdict). In this case, the balancing of both the public and private interests are in favor of vacating the judgments against both defendants Tunzi and Rubio.

I. **The Public Interest Balances in Favor of Vacating the Judgements entered against Tunzi and Rubio.**

When a Court evaluates the Public interest with regard to a motion to vacate, they "have considered the precedential and preclusive effects of the judgment at issue as well as the implications of the request for vacatur on judicial resources." *Orlowski* 2401938 at *2. "When the effect on precedent is limited and when judicial resources are not squandered, however, courts have found that the remedy is appropriate." *Id*. (citations omitted). In this matter, the public interest balances in favor of vacating the judgments.

"[T]he fact that Defendant seeks to vacate the jury verdict does not counsel against vacatur as jury verdicts themselves have ho precedential value." *Id.* None of the previous rulings in this matter will be altered or changed by the verdict being vacated. Therefore, this vacatur will have no effect on the precedential value of this case.

Additionally, the agreement reached by the parties, which contemplated this motion to vacate the judgments, and the steps taken thus far to honor that agreement has had the effect of saving judicial resources. The parties have been able to forgo the expense and time of an appeal. The parties have been able to reach an agreement on costs. The defendants have been able to finalize payment of both those costs and the damages sought. While this was done after the trial, the jury's and this court's time on this trial was not wasted. The parties could not have, without this trial, been able to resolve these issues by way of the agreement. Additionally, the defendants are not seeking to vacate the verdict against the City and a record of that verdict will remain.

Therefore, with no effect to the precedential value of this case and with judicial resources

being saved instead of wasted, the public interest is in allowing the verdicts against both Tunzi and Rubio to be vacated.

## II. The Private Interest Balances in Favor of Vacating the Judgements entered against Tunzi and Rubio.

"The Court must also consider the circumstances that are unique to the litigants." *Id.* at *3. The *Orlowski* court took two things into consideration with regard to the private interests. The *Orlowski* court looked at the plaintiff's need financial for a quicker payment and the defendants' desire for finality. *Id.* Based on those two issues, the *Orlowski* court found that vacating the verdict was in the private interests. *Id.*

In this case, both parties have benefited from the agreement they reached and will continue benefit from vacating the verdict. Both parties have avoided the time and expense of an appeal. The plaintiff has already received compensation. The vacating of the verdict will also allow both parties to have some finality. Additionally, both defendants Tunzi and Rubio have the added interest protecting their credit histories and their backgrounds. Therefore, the private interests of both parties is to allow the fulfillment of this agreement already reached and allow the verdicts against both Tunzi and Rubio to be vacated.

WHEREFORE, Defendants respectfully request that this Court grant their **unopposed** motion to vacate the judgments against Defendants Tunzi and Rubio.

Respectfully Submitted,

By: /s/ *Josh M. Engquist*
Chief Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-7852
Attorney No. 6242849

4